IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT - 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
OCT 4 2006
CHAMBERS OF
JUDGE KESSLER

| | |
|---|---|
| **Ruzatullah,** <br>     Detainee <br>     Bagram Air Base <br>     Afghanistan <br><br> **Inavatullah,** <br>     as Next Friend of Ruzatullah <br><br> **Haji Rohullah,** <br>     Detainee <br>     Bagram Air Base <br>     Afghanistan <br><br> **Baz Mohammad** <br>     as Next Friend of Haji Rohullah <br><br> Petitioners, <br><br> v. <br><br> **DONALD RUMSFELD,** <br>     Secretary, United States <br>     Department of Defense <br>     1000 Defense Pentagon <br>     Washington, D.C. 20301-1000 <br><br> **JOHN DOE** <br>     Custodian of Petitioner <br><br> **JOHN DOE 2** <br>     Custodian of Petitioner <br><br> Respondents. <br><br> **Respondents sued in their official capacity.** | NO. _____ <br><br> **PETITION FOR WRIT** <br> **OF HABEAS CORPUS** <br><br> CASE NUMBER 1:06CV01707 <br> JUDGE: Gladys Kessler <br> DECK TYPE: Habeas Corpus/2255 <br> DATE STAMP: 10/2/2006 |

### PETITION FOR WRIT OF HABEAS CORPUS

1. Petitioner Ruzatullah, who is in the custody of the United States, seeks the Great Writ. He acts

on his own behalf and through his Next Friend, Inavatullah. Mr. Ruzatullah is a citizen of Afghanistan. Though he has committed no wrong, he is being held unlawfully and virtually *incommunicado* by the Respondents.

2. Petitioner Haji Rohullah, who is in the custody of the United States, seeks the Great Writ. He acts on his own behalf and through his Next Friend, Baz Mohammed. Mr. Haji Rohullah is a citizen of Afghanistan. Though he has committed no wrong, he is being held unlawfully and virtually *incommunicado* by the Respondents.

# I.
# JURISDICTION

5. Petitioner Ruzatullah is an Afghani citizen presently incarcerated and held in Respondents' unlawful custody at the United States Bagram Air Base in Afghanistan.

6. Petitioner Invatullah is Ruzatullah's brother. Because his brother cannot secure access either to legal counsel or the courts of the United States, Invatullah acts as his Next Friend.to bring this action under 28 U.S.C. §§ 2241 and 2242, and invoke this Court's jurisdiction under 28 U.S.C. § 1331, as well as the Fifth and Eighth Amendments to the United States Constitution.

7. Petitioner Haji Rohullah is an Afghani citizen presently incarcerated and held in Respondents' unlawful custody at the United States Bagram Air Base in Afghanistan.

8. Petitioner Baz Mohammed is Haji Rohullah's cousin. Because his cousin cannot secure access either to legal counsel or the courts of the United States, Baz Mohammed acts as his Next Friend.to bring this action under 28 U.S.C. §§ 2241 and 2242, and invoke this Court's jurisdiction under 28 U.S.C. § 1331, as well as the Fifth and Eighth Amendments to the United States Constitution.

9. This Court is empowered under 28 U.S.C. § 2241 to grant the Writ of Habeas Corpus, and to entertain the Petitions filed by Invatullah and Baz Mohammad as Next Friends under 28 U.S.C. § 2242. This Court is further empowered to declare the rights and other legal relations of the

parties herein by 28 U.S.C. § 2201, and to effectuate and enforce declaratory relief by all necessary and proper means by 28 U.S.C. § 2202, as this case involves an actual controversy within the Court's jurisdiction, and to issue such ancillary orders as may be appropriate under the circumstances, pursuant to 28 U.S.C. § 1651.

## II.
## VENUE

8. Venue is proper in the United States District Court for the District of Columbia, since the Respondent Rumsfeld resides in the district, a substantial part of the events or omissions giving rise to the claim occurred in the district, and Respondent Rumsfeld is an officer or employee of the United States or any agency thereof acting in his official capacity.  28 U.S.C. §§ 1391(b); 1391(e).

## III.
## PARTIES

9. Petitioner Ruzatullah is an Afghani citizen presently incarcerated and held in Respondents' unlawful custody at the United States Bagram Air Base in Afghanistan.

10. Petitioner Inavatullah is Ruzatullah's brother.  Because his brother cannot secure access either to legal counsel or the courts of the United States, Inavatullah acts as his Next Friend.

10. Petitioner Haji Rohullah is an Afghani citizen presently incarcerated and held in Respondents' unlawful custody at the United States Bagram Air Base in Afghanistan.

11. Petitioner Baz Mohammed is Haji Rohullah's cousin.  Because his cousin cannot secure access either to legal counsel or the courts of the United States, Baz Mohammed acts as his Next Friend.

12. Respondent Rumsfeld is the Secretary of the United States Department of Defense.  He has been charged with maintaining the custody and control of the detained petitioner, and is therefore the detained petitioner's ultimate custodian.  Respondent Rumsfeld is sued in his official capacity.

13. The Respondents designated as John Does are fictitiously-named subordinate officers of the United States who have immediate physical custody of petitioner.

## IV.
## STATEMENT OF FACTS

14. Petitioners are not properly subject to the detention Order issued by President Bush described in Paragraph 16 below.

15. On information and belief, the detained petitioners promptly identified themselves by correct name and nationality to the United States. They each requested that the United States provide them with access to his family and to legal counsel.

16. On November 13, 2001, President Bush issued a Military Order authorizing indefinite detention without due process of law. The Order authorizes Respondent Rumsfeld to detain anyone President Bush has "reason to believe":

    i.   is or was a member of the organization known as al Qaida;

    ii.  has engaged in, aided or abetted, or conspired to commit, acts of international terrorism, or acts in preparation therefor, that have caused, threaten to cause, or have as their aim to cause, injury to or adverse effects on the United States, its citizens, national security, foreign policy, or economy; or

    iii. has knowingly harbored one or more individuals described in subparagraphs (i) and (ii)

President Bush must make this determination in writing. The Order was neither authorized nor directed by Congress, and is beyond the scope of the Joint Resolution authorizing the use of military force passed by Congress September 14, 2001.

17. The Military Order vests the President with complete discretion to identify the individuals that fall within its scope. It establishes no standards governing the use of his discretion. Once a person has been detained, the Order contains no provision for him to be notified of the charges he may face. On the contrary, the Order authorizes detainees to be held without charges. It contains no provision for detainees to be notified of their rights under domestic and international law, and provides neither the right to counsel, nor the right to consular access. It provides no right to appear before a neutral tribunal to review the legality of a detainee's

4

continued detention and no provision for appeal to an Article III court. In fact, the Order expressly bars review by any court. For those detainees who will not be tried before a tribunal, the Order authorizes indefinite and unreviewable detention, based on nothing more than the President's written determination that an individual is subject to its terms.

18. On information and belief, President Bush has never certified or determined in any manner, in writing or otherwise, that the detained petitioners are subject to this detention order.

19. The detained petitioners are not properly subject to this detention order.

20. Since gaining control of the detained petitioners, the United States military has held them virtually *incommunicado* and without legal process. They have been or will be interrogated repeatedly by agents of the United States Departments of Defense and Justice, though they have not been charged with an offense, nor have they been notified of any pending or contemplated charges. They have made no appearance before either a military or civilian tribunal of any sort, nor has he been provided counsel or the means to contact counsel. They have not been informed of their rights under the United States Constitution, the regulations of the United States Military, the Geneva Convention, the International Covenant on Civil and Political Rights, the American Declaration on the Rights and Duties of Man, or Customary International Law. Indeed, Respondent has taken the position that they should not be told of these rights. As a result, the detained petitioners are completely unable either to protect, or to vindicate their rights under domestic and international law.

21. Bagram Air Base, where the detained petitioners are incarcerated, is subject to the complete jurisdiction and control of the United States military. The detained petitioners are in the physical and legal custody of the United States, at a U.S. military facility that is subject to U.S. constitutional and statutory law, and answerable to the federal judiciary. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004).

## V.
## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (HABEAS STATUTE – COMMON LAW HABEAS)

22. Petitioners incorporate paragraphs 1-21 by reference.

23. By the actions described above, Respondents acting under color of law, has deprived the detained petitioners of their rights under 28 U.S.C. §§ 2241 (c)(1) and (c)(3), in that Respondents have incarcerated the detained petitioners without lawful process, and with no means to test the legal and factual basis for their continued incarceration.

### SECOND CLAIM FOR RELIEF
### (DUE PROCESS – FIFTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION)

24. Petitioners incorporate paragraphs 1-23 by reference.

25. By the actions described above, Respondents, acting under color of law, have violated and continue to violate the Fifth Amendment to the United States Constitution by incarcerating the detained petitioners without Due Process of Law.

### THIRD CLAIM FOR RELIEF
### (DUE PROCESS – FIFTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION)

26. Petitioners incorporate paragraphs 1-25 by reference.

27. By the actions described above, Respondents, acting under color of law, have violated and continue to violate the right of the detained petitioners to be free from arbitrary, prolonged, and indefinite detention, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### (DUE PROCESS – INTERNATIONAL LAW)

28. Petitioners incorporate paragraphs 1-27 by reference.

29. By the actions described above, Respondents, acting under color of law, have violated and continue to violate Customary International Law, Arts. 9 & 14 of the International Covenant on Civil and Political Rights, and Arts. 18, 25, & 26 of the American Declaration on the Rights and Duties of Man by depriving the detained petitioners of their right to be free from arbitrary, prolonged, and indefinite detention.

### FIFTH CLAIM FOR RELIEF
### (DUE PROCESS – FAILURE TO COMPLY WITH U.S. MILITARY REGULATIONS AND INTERNATIONAL HUMANITARIAN LAW)

30. Petitioners incorporate paragraphs 1-29 by reference.

31. By the actions described above, Respondents, acting under color of law, have violated and continue to violate the rights accorded to persons seized by the United States Military in times of armed conflict, as established by, *inter alia*, the regulations of the United States Military, including regulation 190-8, Articles 4 and 5 of Geneva Convention III, Geneva Convention IV, and Customary International Law.

### SIXTH CLAIM FOR RELIEF
### (SUSPENSION OF THE WRIT)

32. Petitioners incorporate paragraphs 1-31 by reference.

33. To the extent the Respondents maintain the detained petitioners may not challenge the legality of their detention by way of habeas corpus, Respondents' actions constitute an unlawful Suspension of the Writ of Habeas Corpus, in violation of Article I of the United States Constitution.

### VI.
### PRAYER FOR RELIEF

WHEREFORE, petitioners pray for relief as follows:

1. Grant Petitioners Inavatullah and Baz Mohammad Next Friend status;
2. Order the detained petitioners released from Respondents' unlawful custody;

3. Order Respondents to allow counsel to meet and confer with the detained petitioners, in private and unmonitored attorney-client conversations;

4. Order Respondents to make a prompt return to the writ in accordance with 28 U.S.C. § 2243 and to the extent Respondents contest any material factual allegations in this Petition, schedule an evidentiary hearing, at which petitioners may adduce proof in support of their allegations;

5. Such other relief as the Court may deem necessary and appropriate to protect petitioners' rights under the United States Constitution, the Habeas Statute, and International Law.

Respectfully submitted,

Dated:       October 2, 2006

_____
Tina M. Foster, Esq.
PO Box 610119
Bayside, NY 11361-0119
Tel. 917.442.9580

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 2 day of October, 2006.

_____
Tina M. Foster

## CERTIFICATION OF REPRESENTATION WITHOUT COMPENSATION

Pursuant to L. Civ. R. 83.2(g), I certify that I am representing Petitioners without compensation.

Dated: October 2, 2006

_____
Tina M. Foster

06 1707

**FILED**

OCT - 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT