IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUZATULLAH, et al. ) | |
| ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 06-CV-01707 (GK) |
| ) | |
| ROBERT GATES, ) | |
| Secretary, ) | |
| United States Department ) | |
| of Defense, et al. ) | |
| Respondents. ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioners hereby submit, for the Court's consideration, the attached Order issued by
Judge Bates of this Court denying respondents' motion to dismiss in *Maqaleh v. Gates,* No. 06-
cv-01669 (D.D.C. July 18, 2007).

Like the instant petitioners, Maqaleh is seeking a writ of habeas corpus ordering his
release from unlawful confinement by the United States at detention facility at Bagram Airbase,
Afghanistan.  As in the instant case, in their motion to dismiss the petition, respondents in
*Maqaleh* argued that the Military Commission Act of 2006 ("MCA") deprived this Court of
subject matter jurisdiction over the petition and that, as an alien held overseas, Maqaleh has no
constitutional or common law basis to challenge either the MCA or his detention.  In both
proceedings, respondents rely heavily on *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) to
support their arguments.  After briefing was completed in the instant case (and the *Maqaleh*
case), the Supreme Court reversed its initial denial of the *writ of certiorari* filed in *Boumediene*,
and that case is now before the Supreme Court.

Dockets.Justia.com

Although Judge Bates recognized that "*Boumediene* remains, at least for now, controlling precedent," he ultimately found that "the decision does not *definitively* resolve the jurisdictional questions" at issue in *Maqaleh*, Slip Op. at 3 (emphasis in the original), because:

1. there "may ultimately be significant difference between the Guantanamo detainees and those confined at Bagram;" and

2. even if the MCA eliminates federal jurisdiction for statutory habeas petitions, "the Court will still need to address petitioner's contention that he enjoys a constitutional or common-law right to habeas review."

*Id.* at 2.

Finally, Judge Bates held that the Court retains "both the authority to determine its own jurisdiction, and the related power to . . . make orders to preserve the existing conditions and the subject of the petition." *Id.* at 3 (internal citations omitted).

Respectfully submitted,


**/s/ A. Katherine Toomy**

Eric L. Lewis
D.C. Bar No. 394643
Dwight P. Bostwick
D.C. Bar No. 427758
A. Katherine Toomey
D.C. Bar No. 426658
Baach, Robinson & Lewis PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738


Dated: July 24, 2007

**/s/ Tina Foster**
Tina Foster
 International Justice Network
P.O. Box 610119
Bayside, NY 11361-0119
Tel. (917) 442 9580
Fax. (917) 591 3353