RUZATULLAH V. GATES, Civil Action No. 06 CV 01707 (GK)

# EXHIBIT 5
**Of Petitioner Ruzatullah's Opposition to Respondents' Supplemental Motion to Dismiss**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------x
RUZATULLAH, ET AL.,                     :
                                        :
    Petitioners,                        :
                                        :
v.                                      :
                                        :  Civil Action No. 06 CV 01707 (GK)
                                        :
RICHARD GATES,                          :
    Secretary, United States            :
    Department of Defense, *et al.*,    :
                                        :
    Respondents/Defendants.             :
                                        :
------------------------------------------------------------x

## DECLARATION OF GEORGE BRENT MICKUM, IV

I, GEORGE BRENT MICKUM, IV, declare, pursuant to 28 U.S.C. §1746, as follows:

1. I am a licensed attorney and member of the bar in the District of Columbia (Bar No. 396142 and in the Commonwealth of Virginia (Bar No. 24385).

2. Since 2004, I have provided legal representation for Martin Mubanga, Bisher al-Rawi and Jamil el-Banna. Mr. Mubanga was a prisoner in Camp Delta, at the Guantanamo Naval Air Station in Guantanamo Bay, Cuba from early 2003 to March 2005. Mr. al-Rawi was a prisoner in Camp Delta, and Camp V, among others, from approximately March 2003 to March 2007. He was arrested in November 2002 in The Gambia in Africa and turned over to the custody of the CIA. The CIA rendered him aboard a Gulfstream V, bearing tail numbers N379P to the Dark Prison in Kabul, Afghanistan. Thereafter, he was transferred to the Air Force Base in Bagram, Afghanistan. He was released into the custody of British officials and transferred to the United Kingdom in March of 2007.

3. Mr. el-Banna remains incarcerated in Camp IV. Like Mr. al-Rawi, the CIA rendered him to Kabul, Afghanistan and to Bagram, Afghanistan.

4. Mr. Mubanga is a citizen of the United Kingdom.

5. Mr. al-Rawi is a permanent resident of the United Kingdom, having moved there as a child with his family after his father was arrested and tortured by the regime of Saddam Hussein.

6. Mr. el-Banna is a permanent resident of the United Kingdom, having been granted refugee status in 1997.

7. Based on my experience negotiating the release of my clients and discussions with other attorneys who represent prisoners at Guantanamo, I am aware that the United States attempts to require countries to agree to specific terms and conditions of transfer or release before transferring or releasing a prisoner from Guantanamo Bay to a home country.

8. My experience relating to the Unites States' attempt to impose conditions is based on conversations I have had with British officials and conversations I have had with members of the British Parliament and British attorneys. In addition, I have seen affidavits produced in litigation by members of the British government (Home Office and Foreign Office) that addressed the United States' desire to impose extremely onerous surveillance requirements on the British Government in exchange for the release of all the British residents who remained imprisoned at Guantanamo. The aforementioned documents were filed in connection with a legal proceeding in the United Kingdom. In addition, from approximately March 2006 until his release in 2007, on Mr. al-Rawi's behalf, I participated in direct discussions with British officials regarding the release of Mr. al-Rawi. It was my understanding that British officials, in turn, were negotiating with American officials with respect to the terms and conditions of Mr. al-Rawi's release. I therefore speak with personal experience about the process.

9. The United States initially sought to impose a set of extremely restrictive conditions that included twenty-four hour surveillance, restrictions on travel, and obligatory registration with the police, among others.

10. Ultimately, Mr. al-Rawi was "transferred" from the United States to the United Kingdom, subject to the following conditions:

   a. Mr. al-Rawi was required to register with the Police immediately upon entry into the United Kingdom, and he was required to identify where he would be residing;

b. Mr. al-Rawi agreed to notify the Police in the event he decides to change his residence;

c. Mr. al-Rawi is required to check in with the Police on a monthly basis; and

d. Mr. al-Rawi must inform the British government of any plans he has to travel outside the United Kingdom.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

Executed in Washington, D.C., on this 30th day of July 2007

_____
George Brent Mickum, IV