IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUZATULLAH, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> ROBERT GATES, <br> Secretary, United States Department <br> of Defense, *et al.*, <br><br> Respondents. | Civil Action No. 06-CV-01707 (GK) |

### DECLARATION OF COLONEL ANTHONY ZABEK

I, Colonel Anthony Zabek, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I currently serve as the Director of the Detainee Capabilities Directorate for the Combined Security Transition Command-Afghanistan (hereinafter CSTC-A). The overall mission of CSTC-A is to train and equip the Afghan National Army (which includes the Afghan National Guard Force) and the Afghan National Police in the Islamic Republic of Afghanistan (hereinafter IRoA). As the Director for the CSTC-A Detainee Capabilities Directorate, my mission is to mentor, assist and advise the Afghan National Guard Force Commanding General on detention facility practices and procedures. The statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties.

2. The Afghan National Guard Force Commanding General is in charge of the Afghan National Detention Facility at Pol-e-Charki (hereinafter ANDF). The ANDF is

1

the former block IV of the Pol-e-Charki prison, and the remainder of the prison is the IRoA Ministry of Justice's national prison for persons convicted of crimes in the IRoA's civilian courts. The ANDF is entirely controlled by the IRoA Ministry of Defense. The United States military does not supervise or oversee the ANDF. Additionally, it does not control the operations of the ANDF nor access to its detainees. It also does not control the future disposition of the detainees at the ANDF.

    3. United States Army, Marine Corps, Navy and Air Force personnel, as well as contractor personnel, are mentoring the Afghan National Guard Force at the ANDF. Their mentoring mission is to coach, teach, and train the Afghan National Guard Force about detention operations consistent with international standards. These mentors are only engaged in assisting with the daily operations of the detention facility in a support role, and have no role in the future disposition of the detainees. Their role is to assist the Afghan National Guard Force, if called upon, for technical guidance or advice on the operation of the detention facility. In the evening hours, two temporary American contractor personnel are located inside the prison to provide such support to the over fifty Afghan National Guard Force personnel who run the detention facility at night.

    4. The United States and the IRoA have agreed to transfer Afghan detainees, under appropriate circumstances, to the exclusive custody and control of the IRoA when the IRoA is willing to accept responsibility for ensuring, consistent with its laws, that the detainees will not pose a continued threat to the United States and its allies. Within the discretion of the IRoA, the detainee may then be released or subject to continued detention, investigation, and/or prosecution by the IRoA. The implementation and enforcement of these measures is within the sole discretion and control of the IRoA and

is not the result of any specific terms or conditions required by the United States. The IRoA has provided assurances that it would treat individuals transferred to its custody, such as Ruzatullah, humanely and in accordance with the laws and international obligations of the IRoA.

5. The IRoA uses its own investigators, prosecutors, and judges to determine whether and how to prosecute the detainees in their custody. The Afghan Detainee Review Board, which is a board led by the IRoA Office of the National Security Council under the exclusive jurisdiction and control of the IRoA, is the entity charged with determining whether to release a detainee. Specifically, the Board will release a detainee from the ANDF if it determines that such release is appropriate under Afghan law. For example, on 16 August 2007, a detainee the United States had recently transferred to the IRoA was released by the IRoA after it concluded there was insufficient evidence to prosecute the detainee under Afghan law. The United States has no control over any of the Board's decisions.

6. On or about June 19, 2007, the United States transferred Petitioner Ruzatullah, who had been a detainee at the Bagram Theater Internment Facility at Bagram Airfield, to the exclusive custody and control of the IRoA pursuant to the process described above. The IRoA has determined that this individual should be detained at the ANDF, pursuant to the laws of the IRoA. The United States no longer has any legal or physical custody or control over Ruzatullah, as stated in the previous declaration by Colonel James Gray, dated 3 July 2007. His future status is a matter within the sole discretion of the IRoA and the processes that exist under Afghan law.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  5   September, 2007.

_____
ANTHONY ZABEK
Colonel, U.S. Army
Director, Detainee Operations
CSTC-A