UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUZATULLAH, <u>et al.</u> | : |
| | : |
| Petitioners, | : |
| | : |
| v. | :     Civil Action No. |
| | :     06-1707 (GK) |
| ROBERT GATES,_____ | : |
|   Secretary, United States | : |
|   Department of Defense, <u>et al.</u>, | : |
| | : |
|   Respondents. | : |
| | : |

MEMORANDUM ORDER

This matter is before the Court on Petitioner Haji Rohullah's
Motion for Order Requiring Respondents to Provide 30-Days' Advance
Notice of Any Proposed Transfer of Petitioner Rohullah from Bagram,
Afghanistan [Dkt. No. 26]. Upon consideration of the Motion,
Opposition, Reply, and the entire record herein, and for the
reasons stated below, Petitioner's Motion is **granted**.

Petitioner Rohullah ("Rohullah") is an Afghan citizen who was
seized at his home by the United States military and incarcerated
in the United States detention facility at Bagram Air Force Base
("Bagram"). On October 2, 2006, Rohullah's counsel filed a habeas
petition on Rohullah's behalf and on behalf of Petitioner
Ruzatullah ("Ruzatullah"), who was also incarcerated in Bagram.

On July 7, 2007, the Government informed the Court that it had
transferred Ruzatullah from Bagram to a national security wing of
Policharky Prison outside of Kabul, Afghanistan, where the
Government asserts he is under the custody of the Afghan

Dockets.Justia.com

Government.[1]  Rohullah alleges that at least 56 detainees have been transferred from Bagram to Policharky since the national security wing opened in April 2007.  He argues that the recent transfer of Ruzatullah and others indicates a significant risk that he also will be transferred to Policharky.

If Rohullah is transferred, his habeas claim may be eliminated.  See Al Marri v. Bush, No. 04-2035, 2005 U.S. Dist. LEXIS 6259, at *13 (D.D.C. Apr. 4, 2005) (noting that "it is unclear at this point whether transferring [the detainee] would strip this Court of jurisdiction.").  Since the dissolution of the Afghan National Security Court, it is possible that no other court in that country would have jurisdiction to hear his claims.  See Pet'r. Mot. at 5.  Apart from the potential consequences of transfer to his legal claims, Rohullah has also presented evidence that he would face a serious threat of torture in Policharky.  In light of the dire consequences of transfer, Rohullah requests an order requiring Respondents to provide to counsel for Petitioners and the Court 30-days' advance notice of any intended transfer or release of Rohullah from the United States detention facility in Bagram.

On June 29, 2007, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in Boumediene

---

[1]  Petitioners argue that although Ruzatullah has been transferred to an Afghan prison, he remains under the United States' constructive custody.

v. Bush, 476 F.3d 981 (D.C. Cir. 2007) ("Boumediene"). Boumediene
v. Bush, 127 S. Ct. 3078, 2007 WL 1854132 (2007); Al Odah v. United
States, 127 S. Ct. 3067, 2007 WL 681992 (2007). The petitions for
certiorari challenge, inter alia, the Court of Appeals' decision
that aliens captured or detained by the United States outside of
the United States do not have a constitutional or common law right
to challenge their detentions via habeas corpus petitions.
See Petition for a Writ of Certiorari at i, Al Odah v. United
States (No. 06-1196)). The resolution of that question is likely
to directly affect the outcome of the instant case.

    The Supreme Court's decision to grant certiorari in Boumediene
constituted a reversal of its previous denial of certiorari. Such
reversals are rare. To grant certiorari on rehearing requires the
votes of five justices, not just the four required to grant
certiorari on an initial application. See Sup. Ct. R. 44.1.
Although the agreement of five justices on certiorari certainly
does not predict the outcome on the merits, it does demonstrate the
Supreme Court's recognition of the importance of the case.
Boumediene v. Bush, 127 S. Ct. 1478 (2007). Rule 10 of the Supreme
Court Rules provides for a grant of certiorari where "an important
question of federal law that has not been, but should be, settled
by th[e Supreme] Court, or has decided an important federal
question in a way that conflicts with relevant decisions of th[e

Supreme] Court."[2]    The extraordinary grant of certiorari on rehearing indicates the Supreme Court's view that this case raises an important federal question, and that there is a need for comprehensive and thorough reexamination of the Court of Appeals' decision.

The Court of Appeals' decision, on July 27, 2007, to affirmatively withdraw the mandate in Boumediene suggests, at a minimum, the Court of Appeals' inclination to await the Supreme Court's final ruling.  In addition, it is well-settled that an appellate decision is not final until the mandate is issued.  Fed. R. App. P. 41(c) advisory committee's note, 1998 amendment ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."). Absent a mandate, whether because it has not yet issued or because it has been withdrawn, the court of appeals retains jurisdiction and the decision may be modified or rescinded.  See Deering Milliken, Inc. v. FTC, 647 F.2d 1124, 1129 (D.C. Cir. 1978). Recalling the mandate sends a strong signal that the decision may well be modified or rescinded, and deprives a previously final decision of its finality.  See Calderon v. Thompson, 523 U.S. 550, 557-58 (1998).

---

[2] The two other Rule 10 considerations are not applicable to this case.

When these two factors--the Supreme Court's highly unusual grant of certiorari on rehearing and the Court of Appeals' withdrawal of the mandate in <u>Boumediene</u>--are considered together, they cast a deep shadow of uncertainty over the jurisdictional ruling of that decision.

It is well-settled that this Court has jurisdiction to determine its own habeas jurisdiction. <u>See</u> <u>Hamdan v. Rumsfeld</u>, 126 S. Ct. 2749 (2006); <u>Rasul v. Bush</u>, 542 U.S. 466 (2004); <u>United States v. Ruiz</u>, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). The Court also has the related power, pursuant to the All Writs Act, 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of [its] jurisdiction . . . ." <u>See also</u> <u>United States v. United Mine Workers</u>, 330 U.S. 258, 290 (1947) ("[T]he District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."). Our Court of Appeals has already declined to vacate decisions of this District Court granting such interim relief. <u>See</u> <u>Al Ginco v. Bush</u>, No. 06-5191, slip op. at 2 (D.C. Cir. June 7, 2007). That consolidated appeal considered the decision of a judge of this District Court to issue a 30-day notice order in order to protect the court's jurisdiction. Significantly, our Court of Appeals considered the validity of that 30-day notice order after issuance of its decision in <u>Boumediene</u>, and it declined

–5–

to vacate the District Court ruling. <u>See</u> <u>id.</u> It may be inferred from that ruling that the Court has the power to grant the injunction requested in this case to preserve the status quo pending the Supreme Court's decision in <u>Boumediene</u>.

Respondents' Opposition emphasizes the consequences of an injunction against transfer, which it characterizes as "an injunction barring the Executive from acting in spheres in which it has been vested by the Constitution to act." Defs.' Opp'n at 2. The relief Rohullah seeks in this Motion, however, is much narrower. He requests only an order requiring Respondents to provide notice of a potential transfer. Therefore, there is no need to address Respondents' legal arguments at this time.

Nor does the fact that Rohullah is incarcerated at Bagram, not Guantanamo, require denial of the Motion. The Court cannot predict the Supreme Court's resolution of the jurisdictional issues raised in its review of <u>Boumediene</u>. "[T]he Supreme Court could issue a broad[] decision in favor of the detainees, one whose reasoning applies not just to Guantanamo, but to Bagram and other locations as well." <u>Al Maqaleh</u>, 2007 WL 2059128, at *1.

In view of the narrow relief Rohullah seeks, the likelihood that the Supreme Court's decision in <u>Boumediene</u> is likely directly to affect the outcome of this case, and in order to protect the status quo in this unique factual and procedural posture, the Court will grant Rohullah's Motion.

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion for Order Requiring Respondents to Provide 30-Days' Advance Notice of Any Proposed Transfer of Petitioner Rohullah from Bagram [Dkt. No. 26] is **granted**. Petitioner's request for discovery is **denied without prejudice**.


October 2, 2007
<u>/s/</u>_____
Gladys Kessler
United States District Judge


**Copies to:  Attorneys of Record via ECF**