RUZATULLAH v. RUMSFELD et al                                                                                     Doc. 33

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUZATULLAH, ET AL., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06 CV 01707 (GK) |
| | ) |
| RICHARD GATES, | ) |
| Secretary, United States | ) |
| Department of Defense, *et al.*, | ) |
| | ) |
| Respondents/Defendants. | ) |
| | ) |
| | ) |

**PETITIONER RUZATULLAH'S MOTION FOR A REPORT BY THE UNITED
STATES CONCERNING HIS STATUS AND POTENTIAL EXECUTION**

Petitioner Ruzatullah, through his next friend, respectfully submits this Motion requesting the Court to order Respondents to provide a report to the Court concerning Ruzatullah's status while in the purported custody of the Afghan government at the national security wing of Policharky prison, which the United States government concedes was constructed and is staffed by United States personnel. Last week, 15 prisoners were executed at Policharky, the first official executions in Afghanistan in more than three years. Given the United States' transfer of Ruzatullah to Policharky (which the United States failed to disclose to this Court), this raises significant concern about Ruzatullah's treatment. Accordingly, petitioner respectfully requests that the United States report to the Court: 1) whether petitioner Ruzatullah is known to be scheduled for execution; 2) whether he has been charged with any offense or crime; and 3)

whether the terms and conditions of his purported transfer to the custody of the government of Afghanistan prohibit his execution. The grounds for this motion are more fully set forth below.

### I.   Factual Background – Recent Summary Executions at Policharky

Last week, international news outlets reported at least 15 summary executions carried out at night at Policharky Prison. *See, e.g.,* Jason Straziuzo, *15 Executions Break Afghan Moratorium*, The Guardian, October 8, 2007 (hereinafter "Straziuzo," attached as Ex. 1); BBC News, *Fifteen Executed in Afghanistan*, October 8, 2007 (hereinafter "BBC News," attached as Ex. 2). Afghan state television reported on the evening of Monday, October 8, 2007, that the executions were carried out "in order to prevent future crimes, such as murders, armed robberies, kidnappings, and to maintain the stability of the country." Straziuzo, *supra*   It has also been reported that some of the prisoners were "low level militants," BBC News, *supra*, and that among the dead were a number convicted of political crimes. *Id.*  In addition to the 15 prisoners already executed, it has been reported that more executions may take place at Policharky in the coming weeks and months. Agence France Presse, *Afghan Prisoners on Hunger Strike After Executions*, October 10, 2007 (hereinafter "Agence France Presse," attached as Ex. 3). Because of the security of the Policharky Prison and undersigned counsel's lack of contact with their client, undersigned counsel have no way to ascertain whether Mr. Ruzatullah is among those who may be executed or, indeed, anything else about his status while in the national security wing of Policharky. Given the United States' conceded supervisory role at Policharky's national security wing, the United States should be in possession of relevant information.

Petitioner brings this development to the Court's attention because the executions, which were effected by firing squad, mass-execution style, constitute a signficiant departure from the

*status quo ante* at Polichary. Since the U.S.-led invasion in 2001, there has been only one previous execution. Aljazeera.net, *Afghanistan Carries Out Executions*, October 8, 2007 (attached as Ex. 4). As petitioner Ruzatullah noted in his earlier Opposition to the Government's Supplemental Motion to Dismiss, during the Soviet occupation of Afghanistan Policharky prison was formerly a notorious death camp, "a kind of Buchenwald" in the words of the United Nations. Close to 17,000 prisoners were murdered there in night executions common during that period. With the fifteen executions during the night hours of October 8, Policharky may be on a path to resume its former notoriety.

In the course of the furor over the executions, international news sources have reported that the Afghan Government has entered into agreements with at least some of the NATO countries carrying out military operations in Afghanistan that preclude execution of any detainees transferred to its custody. A spokesperson for Canada's Foreign Affairs Department stated, "The arrangements the government of Canada has signed with the government of Afghanistan, concerning the treatment of detainees, stipulates that no Canadian transferred detainees may receive the death penalty." The Canadian Press, *Ottawa's Silence on Afghan Executions Concerns Rights Groups*, October 9, 2007 (attached as Ex. 5). The Netherlands also apparently has such an agreement with Afghanistan. Straziuzo, *supra*.

## II.    Need for a Report on the Status of Petitioner Ruzatullah

This Court has before it the United States' Supplemental Motion to Dismiss on the basis of mootness, a motion that petitioner Ruzatullah has opposed on the grounds that, though he was transferred to the putative custody of the Afghan government in June 2007, he remains in the constructive custody of the United States, which oversees operations at Policharky's national

3

security wing where he appears to be incarcerated. While this issue remains *sub judice*, this Court has jurisdiction under the All Writs Act, 28 U.S.C. §1651, to assure that petitioner is not subject to execution, which would certainly moot his petition and deprive him of the remedies of habeas corpus.

The pending motion to dismiss on mootness grounds turns on a basic factual dispute. Petitioner has asserted that he remains in constructive custody of the United States despite his transfer to the Policharky Prison (or at the least that the Court should permit discovery concerning the United States' continued control over his incarceration); respondents assert that, although the United States is involved in the supervision of Polichary Prison's national security wing on an advisory and mentoring basis, it is not in actual physical control of petitioner's continued confinement. Petitioner submits that the United States, having conceded its supervisory role, is engaging in technical legalisms to sub-contract detention. The United States maintains effective control while attempting to evade accountability to the judicial branch.

Regardless of the outcome of this factual dispute, the United States should be able to provide this Court with the basic report requested herein. Even if the U.S. were not in control of Mr. Ruzatullah's confinement, it has conceded that its personnel are on duty at Policharky Prison and that the United States military functions, at the least, in an advisory capacity with daily contact at the prison. Accordingly, respondents should be able to ascertain whether Mr. Ruzatullah is currently scheduled for execution and to confirm whether he has been charged with any crime or offense under Afghan law.[1] Finally, the United States is clearly able to report to the Court and to petitioner whether the conditions of his purported "transfer" to Afghan custody included a stipulation that he not be subject to execution.

---

[1] Undersigned counsel are conscious of the uniqueness of this motion, which essentially requests that our client's continued life be certified by respondents. Regrettably, because we do not have access to our client, and our client's next friend does not have regular access, we are forced to seek assistance from the Court in this matter.

4

WHEREFORE, petitioner Ruzatullah hereby requests that this Court order the United States to report, within 3 days of the issuance of this Court's Order, on the issues set forth herein.

Respectfully submitted,

| | |
|---|---|
| **/s/ A. Katherine Toomey** | **/s/ Tina Foster** |
| Eric L. Lewis (#394643) | Tina Foster |
| Dwight P. Bostwick (#427758) | International Justice Network |
| A. Katherine Toomey (# 426658) | P.O. Box 610119 |
| Baach, Robinson & Lewis PLLC | Bayside, NY 11361-0119 |
| 1201 F Street, NW, Suite 500 | Tel. +1 917 442 9580 |
| Washington, DC 20004 | Fax. +1 917 591 3353 |
| Tel: (202) 833-8900 | |
| Fax: (202) 466-5738 | |

Dated: October 15, 2007