**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RUZATULLAH**, **ET AL.,** | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| **v.** | ) |
| | ) Civil Action No. 06 CV 01707 (GK) |
| | ) |
| **RICHARD GATES,** | ) |
| Secretary, United States | ) |
| Department of Defense, *et al*., | ) |
| | ) |
| Respondents/Defendants. | ) |
| | ) |
| | ) |

**PETITIONER RUZATULLAH'S REPLY IN SUPPORT
OF HIS MOTION FOR A REPORT BY RESPONDENTS**

Respondents' opposition does not address the substance of petitioner Ruzatullah's modest

motion, which requests a status report concerning whether Ruzatullah has been charged with any

crime and whether he is at risk of execution.  Respondents do not suggest that the information

requested is not known, or readily available to them.  Rather, respondents' opposition reiterates

jurisdictional arguments that this Court has rejected (or as to which it has deferred ruling pending

a decision by the Supreme Court in *Boumediene v. Bush*).  In addition, respondents argue that an

order requiring them to supply the information would intrude on Executive prerogatives and/or

the power of a foreign court to manage its own proceedings, and, finally, that petitioner has not

met the standard for obtaining a preliminary injunction.  Respondents' arguments are all based

on the *ipse dixit* that their transfer of petitioner to the national security wing of Policharky

somehow divests the United States government of all knowledge of, and control over, the

conditions of petitioner's detention.  None of these arguments provides any basis to deny

petitioner's motion.

Dockets.Justia.com

Before addressing respondents' substantive arguments, however, petitioner Ruzatullah respectfully draws the Court's attention to respondents' argument that petitioner "has no right to the information he seeks." Resp't Opp'n at 8 (dkt # 35). Ruzatullah has now been detained by the United States, without charge, on a continuous basis for three years. And yet the United States blithely asserts that he has *no right to know* 1) whether he has been scheduled for execution; 2) whether he has been charged with any crime; and 3) whether the terms of his purported transfer included an agreement that would preclude the death penalty. Such a position reflects a breathtaking indifference to the treatment and status of petitioner that is inconsistent with any concept of due process and the values on which this country was founded. It is simply a matter of minimal human decency that the United States government cannot confine and move around human beings like chattel, and then deny any responsibility for or knowledge of their fate.

It can hardly be clearer that petitioner *has a right to know* whether he has been charged with a crime, whether he is about to be executed and whether he is subject to the death penalty. Respondents' contention that they are not in control of his imprisonment, even if true (which is disputed by petitioner), provides no grounds for respondents' withholding this information if it is within their knowledge (which they cannot and do not deny). Petitioner's motion fully supports an Order of this Court directing that respondents provide the requested information as soon as possible.

1. **The Relief Requested Is within this Court's Jurisdiction.**

The majority of respondents' arguments concerning jurisdiction have been fully briefed by both sides in at least two other filings. Moreover, this Court has already ruled on them. *See* Order Denying Without Prejudice the Motion to Dismiss (Sept. 13, 2007) (dkt # 31) (rejecting respondents' arguments concerning jurisdiction under the MCA pending a ruling by Supreme

Court in *Boumediene v. Bush*); Memorandum Order Granting Motion for 30-Day Order (Oct. 2, 2007) (dkt # 32) (rejecting respondents' argument that *Boumediene v. Bush* requires immediate dismissal on jurisdictional grounds).

In reiterating their jurisdictional arguments, respondents continue to rely on previously submitted affidavits concerning the purported transfer of petitioner Ruzatullah to the custody of the Afghan government. These affidavits aver that, although the United States built the national security wing at Policharky, and although U.S. military are directly involved in the security and management of Policharky, the United States somehow does not *control* petitioner's incarceration at Policharky. Petitioner has requested discovery concerning these jurisdictional representations and has provided counter-affidavits and statements in the public record evidencing the United States' control over the national security wing at Policharky. Respondents assert that they relinquished custody and the petitioner "has not rebutted" this assertion. Yet respondents object to discovery on this point, which to date has deprived petitioner of information within respondents' control that would permit rebuttal. This is the very circumstance in which discovery is warranted.

The dispute comes down to a very narrow question concerning the *degree* of the United States' involvement at Policharky. Because this factual issue is key to the Court's jurisdiction, ordering discovery on this issue is well within this Court's powers. *E.g.*, *U.S. Catholic Conf. v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988) (court may issue process and orders, including discovery orders, necessary for "court to determine and rule upon its own jurisdiction"); *Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 239 (D.C. Cir. 1981) ("The court has power to compel discovery on jurisdictional issues"). Moreover, because the jurisdictional facts lie solely within respondents' knowledge, it would be reversible error to dismiss petitioner's claim without permitting such discovery. *Phoenix Consulting, Inc. v.*

*Republic of Angola*, 216 F.3d 36, 40-41 (D.C. Cir. 2000); *Prakash v. American Univ.*, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984).

Although respondents make a cursory challenge to this Court's jurisdiction to hear the instant motion under the All Writs Act, 28 U.S.C. §1651 (2000), respondents do not dispute that petitioner's execution would moot the habeas proceeding in this Court.  *Lonchar v. Thomas*, 517 U.S. 314, 319-20 (1996).  Because the possibility of petitioner's execution  "directly affects the scope of [the Court's] future jurisdiction,"  jurisdiction to consider the motion is proper under the All Writs Act.  *Potomac Elec. Power Co. v. I.C.C.*, 702 F.2d 1026, 1032 (D.C. Cir. 1983),

Respondents' sole new jurisdictional argument is that, even if this Court has habeas jurisdiction, it still lacks jurisdiction to grant the instant motion under Section 7(b) of the MCA. As with the rest of the MCA, Section 7(b) only applies to detainees who have "been determined by the United States to have been properly detained as an enemy combatant or [are] awaiting such determination."  The question of whether Ruzatullah, who was not afforded even the rudimentary procedure mandated by the Detainee Treatment Act of 2005, is "properly detained as an enemy combatant" is still under review by this Court.  Thus, it is an open question whether Ruzatullah is within the scope of the MCA for any purpose.

The Opposition errs, however, in suggesting that, even if the Supreme Court were to issue an order in *Boumediene v. Bush,* 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S.Ct 3078 (Jun. 29, 2007), supporting habeas jurisdiction in the instant case, this Court would still lack jurisdiction under Section 7(b) of the MCA.  Petitioner is not required to show an independent basis for jurisdiction over the instant request.  Collateral issues, including the ordering of reports or discovery concerning the basis or duration of detention, are comfortably within the scope of the Court's habeas jurisdiction. *Harris v. Nelson*, 394 U.S. 286, 299-300 (1969) (District Courts have wide discretion to conduct factual inquiries in habeas proceedings).

Thus, the Court's habeas jurisdiction is of sufficient breadth to include consideration of Ruzatullah's request for basic information regarding the basis for his continued detention, including whether he is charged with any crime or is in danger of execution.

### 2. Petitioner Has Not Requested An Injunction And The Report Requested Would Not Violate Separation Of Powers Or Comity

Petitioner Ruzatullah has asked only that this Court order respondents to provide three items of information that lie within respondents' knowledge. Contrary to the suggestion in respondents' opposition, Ruzatullah has not asked this Court to enjoin any action by respondents. At certain points in their argument, respondents acknowledge this. Resp't Opp'n at 7-8 (The requested order "would simply provide information to the Court and to petitioner's counsel."). Because the order sought in the instant motion would neither prohibit nor command any primary conduct, it is not an injunction. *United States ex rel. Rahman v. Oncology Associates P.C.*, 198 F.3d 502, 507 (4th Cir. 1999) (drawing distinction between discovery order and injunction). Equally, regardless of respondents' baseless speculation concerning petitioner's "apparent . . . purpose," Resp't Opp'n at 9, petitioner's motion does not seek any order directed at any foreign court or prosecutor. Thus, respondents' arguments concerning the standard for issuing an injunction and the non-inquiry rule are entirely irrelevant here.[1]

Although respondents assert that providing the requested information would constitute an intrusion into foreign policy, they provide no support for this argument. The pending motion does not seek to compel the U.S. to take any action with respect to the Afghan government and respondents provide no particulars concerning any damage that would result if the Court issued the requested order.

---

[1] Even if petitioner were required to meet the standards for issuance of an injunction, it is clear the requested order would be justified on the same grounds as those asserted in petitioner's motion for a 30-day order.

   **3.  Respondents Have Access To The Information That Has Been Requested.**

Respondents' previous filings belie their argument that providing the basic information requested would require diplomatic inquiries.  Resp't Opp'n at 13.   In their Reply in Support of their Supplemental Motion to Dismiss, respondents provided affidavits containing precisely the type of information that has been requested here – without any hint that diplomatic inquiry was required to obtain the information.   Specifically, respondents submitted the declaration of Colonel Anthony Zabek, Director of Detainee Operations, CSTC-A, which described specific decisions of the "Afghan Detainee Review Board" concerning particular detainees.   Colonel Zabek reported that a recently-transferred detainee had been released by the Government of Afghanistan, and also that the government of Afghanistan had determined that petitioner Ruzatullah "should be detained at the ANDF, pursuant to the laws of [Afghanistan]." Declaration of Colonel Anthony Zabek (September 5, 2007) (dkt # 30-2), submitted in support of respondents' Reply in Support of their Supplemental Motion to Dismiss.  There is no indication that in obtaining this information, Colonel Zabek was forced to "make diplomatic inquiries to a foreign sovereign."   Rather, it appears that respondents are disclosing information concerning petitioner's continued confinement at Policharky selectively, and using it as both a sword and a shield.  Respondents are able to obtain information when it suits them but claim insuperable obstacles and intrusion when it does not.  The fact remains, however, that regardless of whether the United States is *in control of* petitioner's continued detention (as petitioner contends) or is simply *involved in* his continued detention (as respondents contend), respondents' previous submissions evidence that the U.S. military clearly has access to the information requested by petitioner.

Had respondents genuinely wished to relinquish all custody and control over petitioner and avoid the present inquiry, they could have simply released petitioner from Bagram without

condition. *See Omar v. Harvey*, 479 F.3d 1, 11-12 (D.C. Cir. 2007), *petition for cert. filed*, (September 21, 2007, No. 07-394).  If after release from Bagram, Afghan authorities had independently chosen to arrest, detain and charge petitioner under Afghan law in a prison not supervised and controlled by the U.S. military, respondents' arguments might be more credible. Indeed, respondents did not even inform this Court when they moved to dismiss the petition as moot that the petitioner had been transferred to Policharky and remained incarcerated. Respondents should not be permitted to wash their hands of petitioner's fate simply by transferring petitioner from respondents' exclusive custody and control at Bagram directly to another prison facility which, respondents acknowledge, they themselves built for the express purpose of the continued detention of Bagram and Guantanamo detainees. Resp't. Reply in Supp. Of Supplemental Mot. to Dismiss at 4 (dkt # 30); First Decl. of Col. Rose Miller (Nov. 19, 2006) at ¶15 (dkt #6).

WHEREFORE, for the reasons state herein and in petitioner's previous filings, petitioner Ruzatullah respectfully requests that his motion be granted.

Respectfully submitted,


 /s/ A. Katherine Toomey\_\_\_\_\_                        /s/ Tina Foster_____

Eric L. Lewis (#394643)                      Tina Foster
Dwight P. Bostwick (#427758)                 International Justice Network
A.  Katherine Toomey (# 426658)              P.O. Box 610119
Baach, Robinson & Lewis PLLC                 Bayside, NY 11361-0119
1201 F Street, NW, Suite 500                 Tel. +1 917 442 9580
Washington, DC 20004                         Fax. +1 917 591 3353
Tel: (202) 833-8900
Fax: (202) 466-5738




Dated: October 24, 2007